Argued and submitted July 14, alternative writ of mandamus dismissed July 26, 1988

## STATE ex rel SCHRUNK,
*Plaintiff-Relator,*

*v.*

## ROTH,
*Defendant.*

(SC S34653)

757 P2d 419

Leland R. Berger, Portland, argued the cause for defendant. Jack L. Schwartz, Portland, filed the brief.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for plaintiff-relator. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Peterson, Chief Justice, Linde, Campbell, Carson, Gillette, and Jones, Justices, and Van Hoomissen, Justice pro tempore.

Jones, J., specially concurring.

**JONES, J.,** specially concurring.

This is an original proceeding in mandamus brought by the state against a circuit court judge to compel him to vacate an order severing the criminal trial of Paul Wanner from that of his jointly charged co-defendants, Douglas Shirey and Tracy Brown. This court issued an alternative writ of mandamus on January 20, 1988, to which the defendant judge filed an answer. Shortly before oral argument in this court, counsel for the criminal defendant Wanner moved to dismiss the case on the grounds that the criminal defendant had died and the case was therefore moot.

This alternative writ of mandamus is dismissed because the only party subject to the trial court's ruling is dead and the court's order granting that now-deceased defendant's motion to sever the trial of his case from that of the other two defendants is moot.

ORS 136.060(1), as amended by Oregon Laws 1987, chapter 2, section 6, states:

"Jointly charged defendants shall be tried jointly unless the court concludes before trial that it is clearly inappropriate to do so and orders that a defendant be tried separately. In reaching its conclusion, the court shall strongly consider the victim's interest in a joint trial."

That statute contemplates that a trial judge will make specific findings of historical fact on the record before reaching a conclusion that a defendant shall be tried separately. The findings of fact made by the trial judge concerned only the trial of Paul Wanner, now deceased. Oral findings suggesting separate trials for the other two defendants were gratuitous and not binding. No motion was filed by either of the other co-defendants, and the issue to sever the trials as to them was not before this trial judge.